30 F.3d 126
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Phillip S. KING, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 94-1004
 United States Court of Appeals,
First Circuit.
 August 4, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Robert E. Keeton, U.S. District Judge ]
 Phillip S. King on brief pro se.
 Donald K. Stern, United States Attorney, and Sheila W. Sawyer, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant, Phillip King, appeals pro se from a judgment of the district court denying his motion under 28 U.S.C. Sec. 2255 to vacate, set aside, or correct his sentence. In his opening brief, he alleges two grounds for relief: (1) the government breached the plea agreement in taking the position that the appropriate offense section under the Sentencing Guidelines is U.S.S.G. Sec. 2A2.2 for "aggravated assault"; and (2) the district court erred as a matter of law by using Sec. 2A2.2 to calculate his base offense level. The government argues, inter alia, that we should dismiss the instant appeal because appellant's failure to pursue a direct appeal constitutes a procedural default, and appellant has made no showing of "cause and prejudice" under United States v. Frady, 456 U.S. 152 (1982) (applying "cause and prejudice" test to procedural defaults in Sec. 2255 context). Appellant replies that he did not appeal his sentence because the district court (and defense counsel) failed to advise him of his right to do so, thereby depriving him of his right to a direct appeal. See Fed. R. Crim. P. 32(a)(2) (imposing a duty on the sentencing court to advise the defendant of any right to appeal the sentence following a guilty plea).
 
 
 2
 We bypass the issue of waiver because we are persuaded, for the reasons articulated by the district court, that appellant's claims in his opening brief are without merit. See, e.g., Murchu v. United States, 926 F.2d 50, 53 n. 4 (1st Cir.) (per curiam) (declining to address question of procedural default where appellant's Sec. 2255 filings established that his claim was meritless), cert. denied, 112 S. Ct. 99 (1991). We do not address appellant's argument in his reply brief that he was deprived of the right to direct appeal because this argument was neither presented below nor raised on appeal in a timely fashion. See, e.g., Sandstrom v. Chemlawn Corp., 904 F.2d 83, 86 (1st Cir. 1990) (arguments not made to the district court or in the opening brief are waived). However, our affirmance of the judgment below is without prejudice to appellant's right to file a new Sec. 2255 motion on this latter ground.
 
 
 3
 Affirmed.